UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL TOLBERT,
   Plaintiff,

vs.                                                      No. 07-3064

JAMES CAROTHERS, et.al.,
   Defendant.

### ORDER

This cause is before the court for consideration of the plaintiff's motion for appointment of counsel [d/e 2] and merit review of the plaintiff's complaint.

The plaintiff's motion for appointment of counsel is denied. Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. In this case, the plaintiff appears competent to proceed *pro se* based on his submissions.

The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Michael Tolbert, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his Eighth and Fourteenth Amendment rights were violated at the Hill Correctional Center. The plaintiff has named three defendants including Adjustment Committee Members James Carothers and Clifford Sangster, and Counselor Stan Simonson. The plaintiff is suing the defendants in their individual capacities.

The plaintiff states that a false disciplinary report was written against him on April 3, 2006. The plaintiff has attached a copy of the ticket which shows the plaintiff was cited for insolence and

disobeying a direct order. (Comp., Ex A).  The plaintiff says the Adjustment Committee which reviewed the ticket issued a false report stating that the plaintiff refused to appear for the hearing. The plaintiff was found guilty of the offenses.

The plaintiff filed a grievance report concerning the disciplinary report on April12, 2006. The plaintiff has provided a copy of this grievance and the counselor's response.  On April 20, 2006, the counselor recommended that the disciplinary report be remanded to the Adjustment Committee for rehearing.   This recommendation was approved by the warden on April 21, 2006.

The plaintiff claims the disciplinary ticket was expunged by May 5, 2006.  However, this claim is not supported by the documentation attached to the plaintiff's complaint.  The plaintiff has provided a copy of an Adjustment Committee report that appears to be the rehearing of the plaintiff's original disciplinary ticket.  The report still states that the plaintiff failed to appear for the hearing.  However, the report also states that the disciplinary ticket is "expunged as a result of inmate grievance procedure." (Comp. Ex. B)   There is no clear indication when the rehearing was held.  The court notes the warden approved the decision to expunge the ticket on August 7, 2007 and the final report was served on the plaintiff on August 10, 2006.

The claims in the plaintiff's complaint stem for the impact of this ticket and the way it was handled.  The plaintiff says he filed a petition for the restoration of six months of good time credits on June 3, 2006.  The plaintiff says he repeatedly warned defendants that the April 3, 2006 disciplinary ticket was invalid, but they did not remove it from his record before the hearing on his petition.   The plaintiff says Defendant Simonson included the disciplinary report and also stated that the plaintiff had lost good time credits within the last four years.  The plaintiff says he had not lost any good time credits since 1996.  The plaintiff says the defendants "knew or should have known that any finding of guilt on a master disciplinary report affects transfer, grade, restoration of good conduct credits, etc. at Hill Correctional Center." (Comp., p.4)

The plaintiff has included a copy of the decision on the plaintiff's petition to restore six months of good time credits.  The report indicates "offenses resulting in time revocations and amount revoked." (Comp., Ex. D).  The report lists eight serious offenses from 1987 to 2002.  The earlier incidents involved finding weapons such as  "shanks," ice picks or pipes in the plaintiff's possession.  *Id.*  The most recent revocation noted occurred on January 6, 2002 for the offenses of "gang act" and theft.  *Id.*   The plaintiff was found with gang related photographs in his cell and stolen tapes.

The report does not indicate that the plaintiff lost good time credits in 2006.  However, the report does state that the plaintiff had received one ticket for a "major incident" on April 3, 2006 for disobeying a direct order and insolence for which he received one month c grade status and a one month loss of commissary privileges.

The plaintiff had asked for the restoration of six months of good time credits due to his "improved conduct." *Id.* The request was denied. The reasons checked on the form were "continued poor conduct" and "nature of the offenses resulting in loss of Good Time." (Comp., Ex. D) The bottom of the form is cut off, so its not clear when the request was denied. However, the plaintiff states that the decision was made on June 19, 2006.

The plaintiff filed a grievance concerning the use of the April 3, 2006 disciplinary ticket in the hearing to determine his petition for the restoration of good time credits. On September 122, 2006, the Administrative Review Board denied the plaintiff's grievance:

> With regards to listing the remanded disciplinary report, this office finds the listing appropriate: as current issued reports during the reviewing period should be listed, even those which are *remanded*. While this report was eventually expunged, it was not expunged until August 7, 2006, well after the reviewing period and the GCC denial. (Comp, Ex. E, p. 2)

The plaintiff says the defendants violated his Fourteenth and Eighth Amendment rights and he is requesting compensatory and punitive damages.

The court finds the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff first claims that Defendant Simonson knew his disciplinary ticket had been remanded, and therefore it was a violation of his constitutional rights to include the false ticket in the report concerning his petition for restoration of good time credits. Just because a ticket is remanded for further consideration does not mean the ticket will be expunged.

The plaintiff also argues that the ticket had been expunged before the hearing and therefore should not have been included in the report. The documents submitted by the plaintiff clearly show the disciplinary ticket was not expunged before the hearing on good time credits. The hearing on good time credits was June 19, 2006. The decision to expunge was not approved until it was signed by the warden on August 7, 2007.

Perhaps it would have been more clear for defendants to include a statement that the most recent disciplinary report had been remanded for further consideration. However, the fact is the guilty finding was still accurate at the time of the hearing on good time credits. In addition, this ticket was not the sole basis of the decision to deny reinstatement of plaintiff's good time credits. The plaintiff has simply not stated a violation of his constitutional rights.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for appointment of counsel is denied. [d/e 2]**

**2) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim.  The case is terminated without prejudice.**

**3) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

**4) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.   Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

Entered this 30th day of April, 2007.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE